IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS BURLESON and YVONNE BURLESON,<br>   Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY LYLE WILLIAM WELLS, III, and TREY WELLS INSURANCE AGENCY, INC.,<br>   Defendants. | )<br>)<br>)<br>)  No. CIV-24-477<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Before the Court is Plaintiffs' Motion to Remand [Doc. 8]. Defendants responded [Doc. 11], and the matter is at issue. Because Defendants have not shown Defendants Wells and the Agency were fraudulently joined, Plaintiffs' Motion to Remand is GRANTED.

This case concerns whether Defendant State Farm acted in good faith pursuant to the insurance contract between it and Plaintiffs. Plaintiffs obtained the homeowner's insurance policy at issue in this case, with the aid of Defendant Wells and his Agency in early 2020. Doc. 8-1 at 3. Plaintiffs allege they were adamant they wanted a deductible of $500 with this policy. They allege Defendant Wells assured them that he would obtain and, in fact, did obtain a policy with a $500 deductible.

Plaintiffs held this policy with Wells and State Farm for multiple years, renewing the policy annually each February. On these renewal dates, Plaintiffs would allegedly receive an eight page "Balance Due Notice" that alerted them to an outstanding premium.

Plaintiffs aver that they only remember receiving one of these documents in 2022 and promptly paying the balance. They flipped through a couple pages of the Notice before paying the balance but did not review the document closely. On page six of the Notice they received, the Burlesons' actual deductible was listed as one percent of the property value, equating to $3,056 in 2022. However, Plaintiffs allege Wells consistently reassured them their deductible was only $500 whenever the Burlesons spoke to their insurance agent. Doc. 1-1 at 8, ¶ 21.

On June 5, 2022, severe weather damaged the Burlesons' home. They filed a claim with State Farm shortly after the damage occurred. It was during this claim adjustment period that the Burlesons learned their deductible was several times more than they had thought. Following a lengthy back-and-forth adjustment process, the Burlesons filed suit against Defendants in Logan County, Oklahoma on March 15, 2024. They alleged State Farm acted in bad faith when handling their claim and that State Farm's local agent, Defendant Wells, had either negligently procured their insurance policy or defrauded them by saying he had secured them a $500 deductible.

State Farm then removed the case to this Court on the basis of diversity jurisdiction. They argue the Burlesons' claims against Defendant Wells and the Agency—which destroy complete diversity because each party is an Oklahoma citizen—are barred by Oklahoma's statute of limitations.[1] Thus, Defendants ask the Court to find that Defendant Wells and the Agency were fraudulently joined to defeat subject matter

---

[1] The claims are subject of a Motion to Dismiss [Doc. 2] which the Court does not address.

jurisdiction in this Court. Plaintiffs, on the other hand, argue their claims against Wells are viable, and the case must be remanded to Logan County.

The doctrine of fraudulent joinder permits a federal court assessing subject matter jurisdiction to disregard the citizenship of a non-diverse defendant against whom the plaintiff has not or cannot assert a colorable claim for relief. *Roe v. Gen. Am. Life Ins. Co.*, 712 F.2d 450, 452 (10th Cir. 1983). Defendants, as the party invoking federal jurisdiction, bear the "heavy burden of proving fraudulent joinder." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quotation omitted). To establish fraudulent joinder, Defendants "must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (brackets and quotation omitted). Defendants argue the second scenario, under which "remand is required if any one of the claims against the non-diverse defendant ... is possibly viable." *Montano v. Allstate Indem.*, 211 F.3d 1278 (10th Cir. 2000) (unpublished). Importantly, "all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (quotation omitted). Although the Court may pierce the pleadings and consider the entire record in evaluating a fraudulent joinder claim, it may not "pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot v. Chicago, R.I. & P. R. Co.,* 378 F.2d 879, 882 (10th Cir. 1967).

To prevail, Defendants must clear this exceedingly high bar to show that Defendant Wells and the Agency were fraudulently joined to the action. They attempt to

do so by arguing the claims against Defendant Wells and the Agency are time-barred. Plaintiff's claims for fraud and negligent procurement in Oklahoma are subject to a two-year statute of limitations. OKLA STAT. tit. 12, § 95(A)(3). However, Defendants do not prove the statute bars Plaintiffs' claims.

    Fraud, like other torts in Oklahoma, is subject to the discovery rule. *See Mallow v. Ethicon, Inc.*, No. CIV-20-01172, 2022 WL 844196 at *4 (W.D. Okla. Mar. 21, 2022). The rule provides that the typical two-year period in which to bring a claim "can be 'tolled until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury.'" *Id.* (quoting *Woods v. Prestwick House, Inc.*, 247 P.3d 1183, 1189 (Okla. 2011)). "An action for fraud may not be [maintained] when the allegedly defrauded party could have ascertained the truth with reasonable diligence." *Silver v. Slusher*, 770 P.2d 878, 881 n.8 (Okla. 1988). Therefore, the issue is whether Plaintiffs, as insureds and recipients of policy documents, had adequate means to discover Defendant Wells' alleged misrepresentations before March 15, 2022, with reasonable diligence. When all factual and legal ambiguities are resolved in favor of Plaintiffs at this stage, their claims remain possible.

    Defendants argue Plaintiffs' claims are time-barred because they had the means to know their true deductible if they had simply reviewed documents State Farm sent them more than two years before the filing of this case. Plaintiffs admit they received a Balance Due Notice in early 2022 from State Farm which prompted them to renew their

4

policy.[2] Doc. 8-1: Aff. of Dennis Burleson at ¶ 5; Doc. 8-2: Aff. of Yvonne Burleson at ¶ 5. In Defendant's telling, because the Burlesons had the policy document, their deductible was not "peculiarly within [their Agent's] knowledge" until the Burlesons filed the claim leading to this suit. *See Hall v. Edge*, 782 P.2d 122, 128 n.4 (Okla. 1989). Consequently, they assert Plaintiffs' claims were discoverable prior to March 15, 2022, and are now time-barred.

On the other hand, Plaintiffs point to state law that seems to relieve them of any duty to know their deductible in this situation. "Under Oklahoma law, an insured has no duty to read his written policy and notice discrepancies between it and previous representations of a soliciting agent." *Bus. Interiors, Inc. v. Aetna Cas. & Sur. Co.*, 751 F.2d 361, 364 (10th Cir. 1984). Plaintiffs rely on this rule and aver that Defendant Wells represented to them that their policy had a deductible of $500. Aff. of Dennis Burleson at ¶ 6; Aff. of Yvonne Burleson at ¶ 7. Thus, in Plaintiffs' telling, the Burlesons had no obligation under the law to notice discrepancies between Wells' statements about their deductible and the policy documents they received.

Additionally, Plaintiffs point to cases discussing the validity of policy changes via insurance renewal documents specifically. They stress that an insurance company must call attention to changes in a policy when it is renewed, and if the insured relies on a

---

[2] State Farm alleges it sent Plaintiffs copies of the original policy document in 2020 and a Balance Due Notice in both 2021 and 2022. Doc. 11 at 1-2. Plaintiffs state they did not receive the original policy document in 2020 and do not state whether they received a Balance Due Notice in 2021. The Court resolves the factual question in favor of Plaintiffs at this stage and evaluates Plaintiffs' claims assuming the 2022 Balance Due Notice was the first documentation of Plaintiffs' policy readily available to them.

reasonable assumption that the policy is unchanged, the insured may recover as if there had been no change. *Smith v. Am. Nat'l Prop. & Cas. Co.*, 508 F. Supp. 3d 1048, 1063 (N.D. Okla. 2020) (citing *Gov't Emp. Ins. Co. v. United States*, 400 F.2d 172, 175 (10th Cir. 1968). Defendants counter that the Renewal did not need to call attention to the Burleson's deductible because it had never actually changed. They insist each document sent to Plaintiffs never fraudulently concealed the true deductible or "tricked" Plaintiffs into not reading it. *See Slover v. Equitable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1283 (N.D. Okla. 2006). While the document itself may not have tricked the Burlesons, they allege Wells misrepresented their deductible amount to them directly on multiple occasions. This allegation, without conclusive evidence to the contrary, dooms Defendants' attempts to establish fraudulent joinder.

Based upon review of the conflicting law cited by parties and the limited factual record, the Court is unable to definitively state success on Plaintiffs' claims against Defendant Wells and the Agency is impossible.[3] To be sure, Plaintiff's claims are not a "sure-thing," *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006), but that is not the standard. Resolving all factual and legal issues in Plaintiffs' favor, as the Court must, State Farm has not demonstrated that Plaintiffs' claims lack "a basis in the alleged facts and the applicable law," *id.*, or that the agent's non-liability is "established with complete certainty upon undisputed evidence." *Smoot*, 378 F.2d at 882.

---

[3] The Court has analyzed the fraud claim to this point. Finding it viable, the Court need not address Plaintiffs' negligent procurement claim.

Because Defendants have not carried their burden to show that Defendant Wells and the Agency were fraudulently joined in this action, their presence defeats diversity jurisdiction. Plaintiffs' Motion to Remand [Doc. 8] is GRANTED. The case is remanded to the District Court of Logan County.

**IT IS SO ORDERED** this 16th day of August 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE